UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCES HINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION |
| ) | NO: _____ |
| TOYOTA MOTOR SALES, U.S.A, ) | |
| INC., ) | |
| ) | |
| Defendant ) | |

## NOTICE OF REMOVAL

TO: THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

The defendant, Toyota Motor Sales, U.S.A., Inc. ("TMS"), hereby gives notice of its removal of the above-captioned action from the Superior Court, Suffolk County, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §1446. In support of its removal, TMS states:

1. On or about February 7, 2011, the plaintiff, Frances Hines, filed a Complaint in the Superior Court for Suffolk County, Massachusetts. The original Complaint named "Toyota Motor USA" as the defendant. On February 9, 2011, the plaintiff amended her original Complaint to change the name of the defendant to Toyota Motor Sales, U.S.A., Inc.

2. A summons and copies of the original complaint, the amendment to it, and a civil action cover sheet were served on TMS through its authorized agent for service of process in Massachusetts, CT Corporation, on February 9, 2011. Copies of the summons, original complaint, amendment to it, and civil action cover sheet (the last three documents date-stamped

1

by the clerk of the Suffolk County Superior Court), being all process, pleadings, and orders served on TMS, are attached under Tab A.

3. According to the complaint, this is a products liability action in which the plaintiff seeks recovery from TMS for injuries she allegedly sustained in a motor vehicle accident that occurred in the Dorchester section of Boston on June 4, 2005. The plaintiff alleges in essence that she drove a 2005 Toyota Camry through a carwash; that upon exiting the carwash the Camry unexpectedly accelerated to a high rate of speed notwithstanding the alleged fact that she had her foot on the brake pedal rather than on the accelerator pedal; that the Camry's brakes had no effect notwithstanding the alleged fact that she had her foot on the brake pedal rather than on the accelerator pedal; and that a collision ensued in which she was seriously hurt. The plaintiff alleges that the events she described occurred because of a defect in the Camry.

4. The plaintiff alleges that as a result of the accident she sustained neck and leg fractures and a torn rotator cuff, that she was out of work from June 4, 2005, to December 8, 2005, and that she continues to experience an unspecified level of disability. The plaintiff states in her civil action cover sheet that she has incurred $235,462.48 in medical expenses to date as a result of the accident and that she anticipates an additional $30,000 in future medical expense for knee replacement.

5. The plaintiff avers that she resides in the Roxbury section of Boston, Massachusetts.

6. TMS is a California corporation with its principal place of business in California.

7. Federal subject matter jurisdiction of the action is conferred by 28 U.S.C. §1332 because there is complete diversity of citizenship between the plaintiff and TMS and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

8.  The action is removable pursuant to 28 U.S.C. §1441(b) because TMS is not a citizen of Massachusetts.

9.  This Notice of Removal has been filed less than 30 days after TMS's receipt, through service or otherwise, of a copy of the original or amended complaint and less than 30 days after service of the summons on TMS.

10. A stamped copy of this Notice of Removal will be promptly filed with the Clerk of the Superior Court for Suffolk County, Massachusetts, and served on the plaintiff pursuant to 28 U.S.C. §1446(d).

WHEREFORE, TMS requests removal of the above-captioned action from the Superior Court, Suffolk County, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts.

DATED:      February 25, 2011

>TOYOTA MOTOR SALES, U.S.A., INC.,
>
>By its attorneys,
>
>CAMPBELL CAMPBELL EDWARDS
>& CONROY, P.C.
>
>/s/ John A.K. Grunert
>James M. Campbell  (BBO: 541882)
>John A.K. Grunert  (BBO: 213820)
>One Constitution Center
>Boston, MA  02129
>Telephone: (617) 241-2300
>Fax: (617) 241-5115
>jgrunert@campbell-trial-lawyers.com

## CERTIFICATE OF SERVICE

I, John A.K. Grunert, hereby certify that on February 25, 2011, I served the within Notice by causing a copy to be mailed, by first class mail, postage prepaid, to Ms. Frances Hines, 23 Westminster Avenue, Roxbury, MA 02119.

/s/ John A.K. Grunert

# TAB A

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 11 1476 F

Frances Hines, Plaintiff(s)

v.

Toyota Motor Sales USA Inc.
c/o CT Corporation, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Frances Hines plaintiff's attorney, whose address is 23 Westminster Avenue, Roxbury, Ma, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the 9 day of February, in the year of our Lord two thousand 2011.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 11/10

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 200___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

_____

_____

_____

Dated:_____, 200____    _____

N.B. TO PROCESS SERVER: –
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|  , 200 . |

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _____

_____, Plff(s).

v.

_____, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                   SUPERIOR COURT
                                                               CIVIL ACTION
                                                               NO.

Frances Hines                                                  110476F
PLAINTIFF(S) (PRINT NAME CLEARLY)

Toyota Motor Sales USA Inc.                                    Amended
c/o CT Corporation                                             COMPLAINT

DEFENDANT(S) (PRINT NAME CLEARLY)

RECEIVED
FEB -9 2011
SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
FOR CIVIL BUSINESS

### PARTIES

1. Plaintiff(s) reside(s) at 23 West Minster Avenue Roxbury, 02119
   Street                              City or Town
   in the County of Suffolk

2. Defendant(s) reside(s) at 155 Federal Street, Suite 700 Boston, 02111
   in the County of Suffolk
                              Street                City of Town

### FACTS

3. The original name is not correct it is Toyota Motor USA. c/o CT Corporation. The correct name is Toyota Motor Sales USA Inc. c/o CT Corporation

n/a

4. Answer this question only if you are seeking a restraining order against the defendant(s):

Have there been any other Court proceedings, criminal or civil, involving you or your family members and the defendant or defendant's family members?

n/a       Yes_____       No_____

If Yes, describe the Court proceeding(s) and its/their status. _____

WHEREFORE, plaintiff demands that:

n/a

SIGNED UNDER THE PENALTIES OF PERJURY.

DATE: February 9, 2011

Frances Hines
Signature of Plaintiff(s)

Street Address
23 Westminster Avenue
City/Town Roxbury
Telephone 617 427-9988

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                      SUPERIOR COURT
                                                  CIVIL ACTION
                                                  NO.

**Frances Hines**                                 11  0476 F
PLAINTIFF(S) (PRINT NAME CLEARLY)

                                                            COMPLAINT
vs.

**Toyota Motor USA**
DEFENDANT(S) (PRINT NAME CLEARLY)
c/o CT Corporation

RECEIVED
FEB 07 2011
SUPERIOR COURT · CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

PARTIES

1. Plaintiff(s) reside(s) at __23 West Minster Avenue   Roxbury__ 02119
                                    Street              City or Town

   in the County of __Suffolk__

2. Defendant(s) reside(s) at __155 Federal Street Suite 700 Boston__ 02111

   in the County of __Suffolk__
                                    Street              City or Town

FACTS

3. October 2004 I bought a brand new 2005 Toyota Camry. On June 4, 2005, I went to DJ Car Wash Columbia Road, Dorchester, Ma to get my Camry Washed. I have been to DJ Car Wash on numerous occasion in the past years. The Vehicle was put in neutral. Once it came off the conveyor belt I entered in the vehicle and it did not move. →I tap the gas pedal lightly I immediately put my foot on the brakes, the vehicle still did not move. Once I Shifted

Continued →

Once I shifted the vehicle from neutral to drive with my foot still on the brakes it accelerated into traffic at a high rate of speed. It felt like I did not have any brakes. The vehicle hit a median strip. The airbag deloyed and I was knocked unconscious, the vehicle then hit a school building. I was taken by Ambulance to Brigham & Women Hospital, Boston, Ma. I suffered a fractured leg, neck and torn rotator cuff. I was out of work from June 4, 2005 - December 8, 2005. See Enclosure

There was no knowledge of a Toyota Defect Recall until October 2009. Therefore the statute of limitation will run until October 2012. (3 years) See Enclosure

I believe my accident was a direct result of a Toyota defect recall. There was a problem with my car because my foot was on the brakes all the time and the car still accelerated at a high speed. On Saturday January 29, 2011. I had my 2005 Towed from Essex Street Storage to a Boston Shop. The mechanic inspected my car and find a defect with the car. The Idol Control was stuck, which caused the car to accelerate with my foot on the brakes at a high speed. I sold the vehicle February 4, 2011.
I am disable due to an accident that occurred in my Toyota Camry on June 4, 2005. See Enclosure
Enclosed please find op-complaints of other consumer out of 583 with vehicle speed control problem. Similiar to my accident.
I have other documents I can furnish upon request,

Vin 4T
Ry Case # 1010 20084

Sincerely,
Frances Hines

P.S. You can reach me at 617 427-9988

Foot

the vehicle from neutral to drive with my still on the brakes it accelerated into traffic at a high rate of speed. The brakes was nonresponsive. I was taken to Brigham and Women Hospital.

4. Answer this question only if you are seeking a restraining order against the defendant(s):

Have there been any other Court proceedings, criminal or civil, involving you or your family members and the defendant or defendant's family members?

Yes_____ No_____

If Yes, describe the Court proceeding(s) and its/their status. _____

WHEREFORE, plaintiff demands that:

Seeking damages for pain and suffering in the amount of $1,235,462.00

SIGNED UNDER THE PENALTIES OF PERJURY.

DATE: 2/8/2011

Frances Hines
Signature of Plaintiff(s)
23 West Minster Avenue
Street Address
Roxbury, MA 02119
City/Town
617 427-9988
Telephone

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY: _____ | DOCKET NO 11-0476 |
|---|---|---|
| PLAINTIFF(S) Frances Hines | DEFENDANT(S) Toyota Motor USA c/o CT Corporation | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (If KNOWN) | |
| BBO# | | |

**RECEIVED FEB 07 2011**
SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

Origin code and track designation

Place an x in one box only:
[ ] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s.97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript;relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Accident | F | (Yes)/No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses                    $235,462.48
  2. Total Doctor expenses                      $
  3. Total chiropractic expenses                $
  4. Total physical therapy expenses            $
  5. Total other expenses (describe)            $
                                      Subtotal  $
B. Documented lost wages and compensation to date  $
C. Documented property damages to date             $
D. Reasonably anticipated future medical and hospital expenses — Knee replacement  $30,000.
E. Reasonably anticipated lost wages               $
F. Other documented items of damages (describe)    $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Total $

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

See Enclosure

TOTAL  $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record  Frances Hines    Date: 2-8-2011
A.O.S.C. 3-2007

CIVIL ACTION COVER SHEET INSTRUCTIONS
SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| *CONTRACTS | | *REAL PROPERTY | | MISCELLANEOUS | |
|---|---|---|---|---|---|
| A01 Services, Labor and Materials | (F) | C01 Land Taking (eminent domain) | (F) | E02 Appeal from Administrative Agency G.L. c. 30A | (X) |
| A02 Goods Sold and Delivered | (F) | C02 Zoning Appeal, G.L. c.40A | (F) | E03 Claims against Commonwealth or Municipality | (A) |
| A03 Commercial Paper | (F) | C03 Dispute concerning title | (F) | | |
| A08 Sale or Lease of Real Estate | (F) | C04 Foreclosure of mortgage | (X) | E05 Confirmation of Arbitration Awards | (F) |
| A12 Construction Dispute | (A) | C05 Condominium Lien & Charges | (X) | E07 G.L. c.112, s.12S (Mary Moe) | (X) |
| A99 Other (Specify) | (F) | C99 Other (Specify) | (F) | E08 Appointment of Receiver | (X) |
| E03 Claims against Commonwealth or Municipality | (A) | E03 Claims against Commonwealth or Municipality | (A) | E09 General Contractor bond, G.L. c 149, ss. 29, 29a | (A) |
| | | EQUITABLE REMEDIES | | E11 Worker's Compensation | (X) |
| *TORT | | D01 Specific Performance of Contract | (A) | E12 G.L.c.123A, s.12 (SDP Commitment) | (X) |
| B03 Motor Vehicle Negligence personal Injury/property damage | (F) | D02 Reach and Apply | (F) | E14 G.L. c. 123A, s. 9 (SDP Petition) | |
| B04 Other Negligence- personal Injury/property damage | (F) | D06 Contribution or Indemnification | (F) | E15 Abuse Petition, G. L. c. 209A | (X) |
| | | D07 Imposition of a Trust | (A) | E16 Auto Surcharge Appeal | (X) |
| B05 Products Liability | (A) | D08 Minority Stockholder's Suit | (A) | E17 Civil Rights Act, G.L.c.12, s. 11H | (A) |
| B06 Malpractice-Medical | (A) | D10 Accounting | (A) | E18 Foreign Discovery Proceeding | (X) |
| B07 Malpractice-Other (Specify) | (A) | D12 Dissolution of Partnership | (F) | E19 Sex Offender Registry G.L. c. 178M, s. 6 | (X) |
| B08 Wrongful Death, G.L. c.229, s.2A | (A) | D13 Declaratory Judgment G.L. c. 231A | (A) | E21 Protection from Harassment c 258E | (X) |
| B15 Defamation (Libel-Slander) | (A) | D99 Other (Specify) | (F) | E25 Plural Registry (Asbestos cases) | |
| B19 Asbestos | (A) | | | E95 **Forfeiture G.L. c. 94C, s. 47 | (F) |
| B20 Personal Injury- slip & fall | (F) | | | E96 Prisoner Cases | (F) |
| B21 Environmental | (F) | | | E97 Prisoner Habeas Corpus | (X) |
| B22 Employment Discrimination | (F) | | | E99 Other (Specify) | (X) |
| B99 Other (Specify) | (F) | | | | |
| E03 Claims against Commonwealth | (A) | | | | |

*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
**Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes   [ ] |

SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.